(115 So. 145)

**COWART et al. v. STATE.** (3 Div. 571.)

Court of Appeals of Alabama. Jan. 17, 1928.

H. Files Crenshaw, Jr., and R. T. Goodwyn, Jr., both of Montgomery, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

No briefs came to the hands of the Reporter.

BRICKEN, P. J. These appellants were jointly indicted, jointly tried, and convicted of the offense of robbery. The jury fixed their punishment at imprisonment in the penitentiary for 10 years. Judgment of conviction was duly pronounced and entered against each of the defendants, but the sentences were not suspended pending this appeal.

■■■ The evidence was in conflict, making a jury question. The alleged injured party, one Will Maxwell, frequently referred to upon the trial as the "old man," testified: That about midnight he met these defendants at the depot in the city of Montgomery, and after some talk with them agreed to go to get a cup of coffee. That, while on the way and some distance from the depot, in a dark place, the defendant Jones grabbed him suddenly and said to the other defendant, "knock him down Sid." That he holloed "Murder!" and they got his pocketbook containing eight $1 bills and one $5 bill from his person. That they hit him and knocked the skin off his face, and that in the scuffle his pants were split. When he holloed "Murder!" a city policeman appeared at once, and defendant threw the pocketbook and money upon the ground. The officer arrested the two defendants immediately, and, in giving his testimony upon the trial, corroborated the injured party in many material instances. There was other evidence tending to corroborate that of Will Maxwell. Defendants admitted their presence and also having an altercation with Maxwell, but denied strenuously they attempted to or did rob the man. As stated, this conflict presented a question for the jury to determine. It was sufficient to sustain the verdict of the jury and to support the judgment of conviction.

The record is regular and without error. But few points of decision are presented for our consideration. We find no reversible error in any of the court's rulings, and therefore order that the judgment of conviction, in the lower court, from which this appeal was taken, shall stand affirmed.

Affirmed.